**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | **CIVIL NO. 1:CV-07-0746** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| **CHIARELLI, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

## I. Background

Plaintiff, Pierre Cidone, an inmate currently incarcerated at the Lackawanna County Jail in Scranton, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on April 23, 2007. Plaintiff names as defendants four (4) corrections officers from the Lackawanna County Jail. His complaint appears to span a time period from January 1999 through the present, and includes claims of assault and Eighth Amendment claims of reckless disregard and deliberate indifference to Plaintiff's safety.

On May 2, 2007, the court directed service of the complaint on the named defendants. (*See* Doc. 6.) To date, Defendants have not answered the complaint.[1]

---

[1] Plaintiff has subsequently filed a request for entry of default due to Defendants' failure to respond to the complaint. (*See* Doc. 9.) Because the court will grant Plaintiff's motion to amend his complaint, directing him to file one all-inclusive complaint, his request for entry of default will be denied. In addition, section 1997e(g)(1) of the Prison Litigation Reform Act of

Presently before the court is Plaintiff's motion for leave to file an amended complaint. (Doc. 11). In his motion, Plaintiff asserts that he would like to add three defendants to his complaint. In a letter to the court filed on the same day as the motion, Plaintiff details additional claims of assault, harassment and retaliation by these additional defendants. On July 10, 2007, Plaintiff filed an amended complaint with allegations against two nurses from Lackawanna County Jail for inadequate medical care for an injured toe. (*See* Doc. 13.)

## II. Discussion

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In general, courts liberally permit parties to amend their pleadings. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d

1997 provides as follows: "Any defendant may waive the right to reply to any action by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Thus, Defendants were not required to answer the complaint.

929, 938 (3d Cir. 1984); *Cornell & Co., Inc. v. Occupational & Safety Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. *See Foman*, 371 U.S. at 182. These factors include "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Denying leave to amend where none of these factors are present is an abuse of discretion. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co.*, 573 F.2d at 823.

In the instant case, in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted the opportunity to file an amended complaint attempting to state an actionable claim against a named defendant or defendants. He will be afforded twenty (20) days from the date of this Order within which to file a proper amended complaint. In preparing his amended complaint, Plaintiff is advised that Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ." Fed. R. Civ.

P. 8(a)(2). The United States Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations. *E.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).

**ACCORDINGLY**, it is hereby **ORDERED** that Plaintiff's motion for leave to amend his complaint (Doc. 11) is **GRANTED**. Plaintiff shall file an amended complaint on or before August 6, 2007. Failure to submit an amended complaint which complies with the directives set out herein may result in dismissal of the complaint.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 17, 2007.