IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PIERRE CIDONE,**                  :
                                              :
     **Plaintiff**           :   CIVIL NO. 1:CV-07-00746
                                              :
  **v.**              :   (Judge Rambo)
                                              :
**CAPTAIN CHIARELLI,** *et al.,*    :
                                              :
     **Defendants**          :

## MEMORANDUM AND ORDER

**I.   Background**

Plaintiff, Pierre Cidone, an inmate at the Lackawanna County Prison in Scranton, Pennsylvania, commenced this civil rights action with a complaint filed on April 23, 2007, as amended on September 6, 2007, pursuant to the provisions of 42 U.S.C. § 1983.  (Doc. 19.)  Pending before the court is Plaintiff's request for appointment of counsel. (Doc. 33.)  For the reasons that follow, the request will be denied.

**II.   Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. §1915(e)(1).  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  As a threshold matter, a district court must address whether the plaintiff's case has

some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If a plaintiff overcomes this threshold hurdle, the Third Circuit Court of Appeals has identified a number of factors that a court should consider when assessing a plaintiff's request for counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-157. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's request fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding the motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Plaintiff has set forth his amended complaint (Doc. 19) in legibly written, understandable paragraphs, and he has set forth the general history and background of this action. Plaintiff's

ability to investigate does not appear to be beyond his capabilities, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Further, the court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Ultimately, the court does not see circumstances which would warrant appointment of counsel to Plaintiff at this time.

**IT IS THEREFORE ORDERED THAT** Plaintiff's request for appointment of counsel (Doc. 33) is **DENIED**.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by Petitioner.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: March 11, 2008.